UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLASTECH CO., LTD.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REVERE PACKAGING, LLC,<br><br>　　　　Defendant. | No. 2:22-cv-01700-TLN-CKD<br><br>FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

　　　Plaintiff, Plastech Co., Ltd., seeks default judgment for breach of contract, goods sold and delivered, and account stated against defendant, Revere Packaging, LLC, in the amount of $265,542.47, plus interest and costs. (See ECF Nos. 1, 9.) The undersigned took plaintiff's motion under submission without oral argument in accordance with Eastern District Local Rule 230(g). Defendant has not filed an opposition to the motion for default judgment in accordance with Local Rule 230(c). The undersigned issues the following findings and recommendations upon review of the documents in support of this motion and good cause appearing.

////

////

////

I.     Background

Plaintiff is in the business of manufacturing industrial plastic sheets in South Korea and exports them to companies located around the world, including the United States.  (ECF No. 9-2 at ¶ 3.)  Between October 2019 and March 2020, defendant entered into eleven (11) written agreements with plaintiff for the purchase of goods, via purchase orders that defendant submitted to plaintiff and that plaintiff fulfilled by delivering the ordered goods to defendant along with invoices requesting payment for the goods.  (Id. at ¶ 4.)  Of the shipments pursuant to these eleven agreements, the first three shipments were delivered to defendant's facilities in Shelbyville, Kentucky and the latter eight shipments were delivered to defendant's facilities in Sacramento, California.  (Id.)  After receiving each of the eleven purchase orders from defendant, plaintiff shipped goods conforming with what defendant had ordered.  (Id. at ¶ 5.)

On November 10, 2019, and continuing thereafter, defendant breached the terms of the eleven agreements by failing to pay plaintiff for the goods it had ordered.  (Id. at ¶ 6.)  Although plaintiff promptly sent invoices along with each shipment of goods to defendant and made demands to defendant for payment of the outstanding amounts owed under the eleven invoices, defendant refused and continues to refuse to pay the amounts due and owing. (Id. at ¶ 7.)

Plaintiff filed this lawsuit on September 27, 2022, alleging breach of contract, goods sold and delivered, and account stated against defendant for defendant's failure to pay plaintiff for goods it had ordered and received.  (ECF No. 1.) On September 30, 2022, defendant was served with the Summons and Complaint.  (ECF No. 6.)  Plaintiff requested entry of default after defendant failed to respond to the complaint, which was entered by the clerk on November 30, 2022.  (ECF Nos. 7, 8.)  Plaintiff moved for default judgment and seeks $265,542.47, plus interest accrued at the rate of 10% per annum from the date of each breach until entry of judgment, and costs of $532.00.  (ECF No. 9-2 at ¶ 14.)

/////
/////
/////
/////

2

II. Legal Standards

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

Generally, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

III. Discussion

A. Jurisdiction and Service of Process

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). "[T]he district court is not restricted to the face of the pleadings, but

may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

        1.  Subject Matter Jurisdiction

In its complaint, plaintiff asserted the existence of diversity jurisdiction. (ECF No. 1 at ¶¶ 5-6.) Plaintiff has properly alleged that the amount in controversy exceeds $75,000. (Id. at ¶¶ 16-17, indicating the jurisdictional amount is at least $265,542.47.)

For purposes of diversity jurisdiction, an LLC is a citizen of every state of which its owners and members are citizens. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Here, plaintiff is a citizen of Korea, whereas plaintiff alleges defendant is a citizen of Texas. (Id. at ¶ 6.) Accordingly, complete diversity exists among the parties and the court has subject matter jurisdiction.

        2.  Personal Jurisdiction

              a.  Basis for Personal Jurisdiction

To enter default judgment, the court must have a basis for the exercise of personal jurisdiction over the defendants in default. In re Tuli, 172 F.3d at 712. "Without a proper basis for [personal] jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007).

In order to subject a non-resident defendant to personal jurisdiction, that defendant must have enough minimum contacts with the forum state that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945). Defendant maintains a business premises located in this Sacramento, which lies in this district. (ECF No. 1 at ¶ 2.) Additionally, plaintiff alleges that in approximately June 2019, defendant registered with the California Secretary of State as a foreign business entity after merging with California-based entity, Plastic Package, LLC. (Id. at ¶ 10.) Accordingly, personal jurisdiction is satisfied.

/////

b. Service of Process

Personal jurisdiction requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure 4]." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Here, plaintiff completed service of process on defendant on September 30, 2022. (ECF No. 6.)

B. Eitel Factors

Courts in this circuit use the Eitel factors to determine whether to grant default judgment. The Eitel factors are: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel, 782 F.2d at 1471-72.

1. Factor One: Possibility of Prejudice to Plaintiff

Potential prejudice to the plaintiff weighs in favor of granting default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff filed suit on September 27, 2022 and defendant has failed to appear, respond to the complaint, or otherwise put forth a defense in this action. Without default judgment, the litigation would remain at a standstill, prejudicing plaintiff. Accordingly, the first factor weighs in favor of default judgment.

2. Factors Two and Three: The Merits of the Substantive Claim and the Sufficiency of the Complaint

Factors two and three are considered together due to the relatedness of the inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

////

a.  Breach of Contract

Under California law, a plaintiff asserting a claim for breach of contract must plead: (1) the existence of contract; (2) the plaintiff's performance or excuse for non-performance; (3) the defendant's breach; and (4) damage to the plaintiff resulting from the breach. Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011).

Here, plaintiff sufficiently alleges the elements of a breach of contract claim with respect to the goods that it delivered to defendant.  First, it alleges that the parties entered valid contracts. Plaintiff issued invoices detailing the goods delivered and amount due and owing on each invoice. (ECF No. 1 at ¶¶ 12, 14, and 19.)  Plaintiff fully performed under these agreements by delivering the requested goods to defendant.  (Id. at ¶¶ 15, 20).  Defendant breached the agreement by failing to pay plaintiff for the shipments it received, which caused plaintiff to incur damages.  (Id. at ¶¶ 13, 15, 21-22.)  Therefore, plaintiff has sufficiently stated a claim for breach of contract. Given that defendant has not disputed the existence of the contracts or its breach, plaintiff's allegations are sufficient. See Philip Morris U.S.A. Inc. v. Castworld Prods., 219 F.R.D. 494, 499 (C.D. Cal. 2003) (noting that a defaulting plaintiff is "deemed to have admitted the truth of" the plaintiff's allegations); New High Ltd. v. Glob. Merch Grp., LLC, No. 221CV09608CASPVCX, 2022 WL 2905501, at *4–5 (C.D. Cal. July 21, 2022) (granting default judgment for breach of contract where defendant did not dispute the existence of the contracts alleged).

b.  Goods Sold and Delivered

"For a goods sold and delivered claim, it is sufficient to allege that the defendant was indebted to the plaintiff at a specific time in a stated sum on an account for goods sold and delivered by the plaintiff to the defendant at the defendant's request, and no part of the debt was paid." United States ex rel. Hajoca Corp. v. Aeroplate Corp., No. 1: 12–cv–1287–AWI–BAM, 2013 WL 3729692, *3 (E.D.Cal. July 12, 2013) (citing Abadie v. Carrillo, 32 Cal. 172, 175 (1867)).

Here, plaintiff alleges that defendant is indebted to plaintiff in the amounts listed in the invoices that plaintiff issued to defendant.  (ECF No. 1 at ¶¶ 14, 16, 24.)  Plaintiff alleges that the debt is for the goods that plaintiff delivered to defendant at defendant's request.  (Id. at ¶¶ 15, 24.)

Plaintiff alleges that defendant has not paid the debt it incurred by ordering the goods.  (Id. ¶¶ 16, 25.)  Accordingly, plaintiff has sufficiently pleaded a claim of goods sold and delivered.

c.   Account Stated

The elements of an account stated claim are: "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." Leighton v. Forster, 8 Cal. App. 5th 467, 491 (2017) (quoting Zinn v. Fred R. Bright Co., 271 Cal. App. 2d 597, 600 (1969)).  A defendant's consent to an account may be implied where the defendant, after receiving the account, "waits for an unreasonable time before making or without making any objection" to it. Cal. Bean Growers Ass'n v. Williams, 82 Cal. App. 434, 442 (1927).

Here, plaintiff promptly issued invoices along with each of the eleven shipments to defendant, detailing the goods delivered and amount due and owing on each invoice.  (ECF No. 1 at ¶¶ 12, 14, 29.)  Defendant failed to pay the amounts due and owing under each of the eleven invoices and failed to dispute the total principal amounts owing confirmed by email.  (Id. at ¶¶ 16, 29; ECF No. 9-2 at ¶ 13.)  A reasonable time to object or to appear in this action to contest the statement of account has lapsed.  Thus, plaintiff has established its claim for account stated as to the principal outstanding sum of $265,542.47 under the eleven unpaid invoices.

Plaintiff has sufficiently pleaded its claims of breach of contract, account stated, and goods sold and delivered.  Accordingly, the second and third Eitel factors favor default.

3.   Factor Four: The Sum of Money at Stake

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). "This requires . . . the court [to] assess whether the recovery sought is proportional to the harm caused by [the] defendant's conduct." Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Plaintiff seeks $265,542.47 in principle, plus interest and costs.  The principal sought by plaintiff is proportional to the harm caused by defendant's failure to pay the outstanding invoices.  (See ECF No. 9-2 at 9-73, copies of invoices).  Accordingly, the fourth Eitel factor favors default judgment.

### 4. Factor Five: The Possibility of a Dispute Concerning Material Facts

Where the clerk has entered default and defendant has not appeared, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Here, the clerk of court entered default against defendant on November 30, 2022 and defendant has not appeared.  (ECF No. 8.)  Accordingly, there is no likelihood that a genuine issue of material fact exists.  Therefore, the fifth Eitel factor favors entry of default judgment.

### 5. Factor Six: Whether the Default Was Due to Excusable Neglect

Defendant's default is not due to excusable neglect.  Defendant has not responded to any of the filings in this case, even after plaintiff served defendant with plaintiff's request for entry of default and the court's order vacating the hearing on plaintiff's motion and ordering defendant to respond.  (ECF No. 9-1 at 7, ECF No. 10, ECF No. 11.)  Accordingly, the sixth Eitel favor weighs in favor of a default judgment.

### 6. Factor Seven: The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782 F.2d at 1472.  However, this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.  PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).  Accordingly, the policy does not, by itself, preclude the entry of default judgment.

Pursuant to the above analysis, the Eitel factors weigh in favor of entering default judgment for breach of contract, account stated, and goods sold and delivered against defendant.

### C. Pre-judgment interest

Plaintiff seeks pre-judgment interest from March 15, 2023, the date of plaintiff's filing of the motion of default judgment, through entry of judgment at a rate of 10 percent per annum and based on a 365-day year (a daily rate of approximately $72.7513). (ECF No. 9-1 at 8-9.) As state law determines the rate of prejudgment interest in diversity actions, California Civil Code sections 3287(a)—entitling a plaintiff to recover interest from the date of breach on damages certain (or capable of being made certain by calculation)—and 3289(b)—setting the legal rate of interest at 10% per annum after a breach of a contract entered into after January 1, 1986 that does not stipulate an interest rate—apply in this case. See <u>CMI Integrated Techs., Inc. v. Xzeres Corp.</u>, 2016 WL 7058092, at *2-3 (C.D. Cal. July 11, 2016) (awarding prejudgment interest on multiple invoices each from their own separate date of breach until the date judgment was entered).

### D. Costs

Plaintiff seeks costs in the amount of $532.00, based on the $402.00 filing fee for the Complaint and the $130.00 service of process fee, but cites no authority in support of such an award. (ECF No. 9-3 at ¶ 9.) Accordingly, the undersigned declines to recommend that plaintiff be awarded costs.

## IV. Conclusion

The undersigned recommends that plaintiff's motion for default judgment against be granted and that plaintiff be awarded $265,542.47, in damages, plus pre-judgment interest from March 15, 2023 through entry of judgment at a rate of 10 percent per annum and based on a 365-day year (a daily rate of approximately $72.7513).

**FINDINGS AND RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment against defendant (ECF No. 9) be GRANTED;
2. Plaintiff be awarded final judgment in the amount of $265,542.47, plus pre-judgment interest from March 15, 2023 through entry of judgment at a rate of 10 percent per annum and based on a 365-day year (a daily rate of approximately $72.7513).

1     These findings and recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
3  (14) days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served on all parties and filed with the court within fourteen (14) days after service of the
7  objections.  The parties are advised that failure to file objections within the specified time may
8  waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th
9  Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  January 8, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,plas.1700

10